MEMO ENDORSED

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

November 8, 2022

**By ECF**

Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Donna Hart v. Commissioner of Social Security,*
No. 19 Civ. 6663 (KMK) (LMS)

Dear Judge Karas:

This Office represents the Commissioner of Social Security, defendant in the above-referenced action. We respectfully submit this letter in lieu of a more formal response regarding Plaintiff's counsel's motion under the Social Security Act, 42 U.S.C. § 406(b), in which he seeks $20,152.63 in attorney's fees.

Plaintiff filed the motion for attorney's fees nearly a year ago, on November 11, 2021. ECF Nos. 27-29. I overlooked the motion and did not file a response on behalf of the Commissioner. Although the assigned Magistrate Judge, the Honorable Lisa Margaret Smith, retired in 2020, no new judge has been assigned, and the Court has not yet acted on the motion. On November 1, 2022, Plaintiff filed a letter asking that the matter be assigned to a new judge for the motion to be decided. ECF No. 30.

The Commissioner has no direct financial stake in § 406(b) matters, as § 406(b) fees are taken from Plaintiff's past due disability benefits. However, the Commissioner plays a part in the fee determination "resembling that of a trustee for the claimants." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). In this limited role, the Commissioner submits this response to facilitate the proper administration of the attorney's fees provision contained in § 206(b) of the Social Security Act, 42 U.S.C. § 406(b).

Reviewing counsel's motion in this limited role, the Commissioner finds no reason to object to the fee request in this case for the reasons discussed below. I apologize for my failure to timely submit the Commissioner's response.

**Background**

In July 2019, Plaintiff filed a district court case contesting the agency's denial of her claim for benefits, and, in July 2020, the Court remanded the case for further proceedings. *See* ECF Nos. 1, 23. On remand, Plaintiff received a favorable decision, and, in a Notice of Award dated October 25, 2022, the Social Security Administration (SSA) advised Plaintiff that SSA had withheld $20,152.63 in attorney's fees, representing 25% of her past due benefits, to pay her representative.

Case 7:19-cv-06663-KMK-LMS Document 31 Filed 11/08/22 Page 2 of 4
Case 7:19-cv-06663-KMK-LMS Document 32 Filed 11/09/22 Page 2 of 4

Page 2

*See* ECF No. 28-1 at p. 9. On November 11, 2021, Plaintiff's counsel filed the present motion for attorney's fees pursuant to Section 406(b), requesting $20,152.63 in attorney's fees. *See* ECF Nos. 27-29.

### Timeliness of 406(b) Request

Counsel's motion appears to have been timely filed. The Social Security Act does not require that a fee motion be filed within any specific time limit. *See* 42 U.S.C. § 406(b). In *Sinkler v. Comm'r of Soc. Sec.*, however, the Second Circuit held that the 14-day filing period for attorney's fees (plus a three-day mailing period) provided in Federal Rule of Civil Procedure 54(d)(2)(B) is applicable to § 406(b) petitions. 932 F.3d 83, 89 (2d Cir. 2019). "[T]he fourteen-day filing period starts to run when the claimant receives notice [from the agency] of the benefits calculation." *Id.* at 91.[1]

In this case, SSA's Notice of Award is dated October 25, 2021, and Plaintiff's attorney filed his § 406(b) fee motion 16 days later, on November 11, 2021. Therefore, under the holding in *Sinkler,* the attorney's § 406(b) petition is timely.

### Reasonableness of Fee Sought

Regarding an attorney's § 406(b) claim, the Social Security Act permits a court to grant a reasonable fee to an attorney who successfully represented a client, to be paid out of the client's award of past-due benefits, provided the award is not in excess of 25% of the total of the past-due benefits. 42 U.S.C. § 406(b); *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 523, 202 L. Ed. 2d 469 (2019); *Gisbrecht*, 535 U.S. at 807; *Wells v. Sullivan*, 907 F. 2d 367, 370 (2d Cir. 1990). In determining a reasonable fee, a court should look first to the contingent-fee agreement, and then test for reasonableness based on the character of the representation and the results the representative achieved. *Gisbrecht,* 535 U.S. at 808. "If benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is [] in order." *Id.*

The Second Circuit has listed three factors to be considered when assessing reasonableness and determining whether to approve the full amount requested under a contingency fee arrangement: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells*, 907 F.2d at 372; *see also Gisbrecht*, 535 U.S. at 808 ("If benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order").

Applying the first *Wells* factor here, SSA has confirmed that the $20,152.63 sought by Plaintiff's counsel is not greater than 25% of past-due social security benefits. *See* ECF No. 28-1, at p. 9. The request is also in line with the contingency fee agreement between Plaintiff and counsel. *See* ECF No. 28-1, at pp. 2-3.

---

[1] Notwithstanding the deadline for filing set forth in the Rule, a court is free to "enlarge th[e] filing period where circumstances warrant." *Id.* at 89. In *Sinkler*, the court declined to enlarge the filing period, noting that Sinkler filed her application more than six months after receiving notice of the benefits calculation and that Sinkler "provide[d] no factual basis to support a claim" that the delay was reasonable. *Id.* at 90.

Case 7:19-cv-06663-KMK-LMS   Document 31   Filed 11/08/22   Page 3 of 4
Case 7:19-cv-06663-KMK-LMS   Document 32   Filed 11/09/22   Page 3 of 4

Page 3

There is no evidence that the second factor set forth in *Wells*, regarding fraud or overreaching, is applicable to counsel's attorney's fee request.

As to the third factor, regarding windfall, the Second Circuit recently clarified that "it must be truly clear that the fee is unearned by counsel" for a district court to find that a requested fee is unreasonable "solely on the grounds that the amount requested is a windfall." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). The court further explained that courts evaluating whether a requested fee constitutes a windfall "must consider more than the de facto hourly rate," and specified four factors for courts to consider in conducting this analysis. *Id.* at 854-56 (2d Cir. 2022). First, a court should consider the ability and expertise of the lawyers and whether they were particularly efficient, *i.e.*, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take longer to do. *Id.* at 854. Second, a court should consider the nature and length of the professional relationship with the claimant, including any representation at the agency level. *Id.* at 855. Consideration of the time spent and work performed at the agency level can inform a court of "'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (citing *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, a court should consider the satisfaction of the disabled claimant. *Id.* Fourth, a court should consider how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Id.*

Here, Plaintiff's counsel expended 28.5 hours for services at the district court level. *See* ECF No. 28-1, at p. 5. This amounts to a *de facto* hourly rate of $707.11 ($20,152.63 divided by 28.5 hours). The Commissioner respectfully defers to the Court to determine whether the requested fee is reasonable in light of the factors set forth above.

**Previous Awards Under the Equal Access to Justice Act Fee to Plaintiff**

In August 2020, this Court awarded $5,963.63 in attorney's fees under the Equal Access to Justice Act (EAJA). *See* ECF No. 26. Fee awards may be made under both the EAJA and § 406(b), but "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quotations omitted); *see also Astrue v. Ratliff*, 560 U.S. 586, 595–96 (2010) (citing to 1985 Amendments § 3(2), 99 Stat. 186, note following 28 U.S.C. § 2412, p. 1309 (Saving Provision)).

Plaintiff's counsel properly recognizes that he must "remit the previously paid EAJA fees of $5,963.63 directly to the Plaintiff." ECF No. 28, at p. 5.

Case 7:19-cv-06663-KMK-LMS   Document 31   Filed 11/08/22   Page 4 of 4
Case 7:19-cv-06663-KMK-LMS   Document 32   Filed 11/09/22   Page 4 of 4

Page 4

I thank the Court for its consideration of this submission.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

/s/ Mary Ellen Brennan
BY:   MARY ELLEN BRENNAN
Assistant United States Attorney
Tel.: (212) 637-2652
maryellen.brennan@usdoj.gov

The Court agrees that the Plaintiff's counsel's fees request is reasonable and therefore grants it.

So Ordered.

11/9/22